21048

In the Matter of Robert M. McINNIS, Respondent.

(258 S. E. (2d) 91)

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Richard B. Kale, Jr., Perry M. Buckner* and *Keith M. Babcock,* Columbia, *for complainant.*

*Edward E. Saleeby* and *James C. Cox, Jr.,* Hartsville, *for respondent.*

September 5, 1979.

. *Per Curiam:*

In this disciplinary proceeding the complaint charges the respondent with violation of Rule 5 of the "Rule on Disciplinary Procedures" for attorneys. That rule defines misconduct, with which the respondent is charged, as "conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute, or conduct demonstrating unfitness to practice law."

The rule further provides:

"7. MANNER OF DISCIPLINE

A. Every member of the Bar found guilty of misconduct shall be disciplined in accordance with the seriousness of such misconduct by:

(1) Permanent disbarment;

(2) Suspension for an indefinite period from the office of attorney at law, subject to reinstatement only as hereinafter provided;

(3) Public reprimand;

(4) Private reprimand.

. . . ."

Respondent was the City Recorder at North Myrtle Beach and had jurisdiction over traffic cases arising within the city.

The complaint was heard before a panel of three commissioners. Their recommendation to the Board's Executive Committee was that the respondent be privately reprimanded. The matter was reviewed by the Executive Committee, which recommended to this court that he receive a public reprimand.

The matter is now before us for final disposition. This court may impose its own sanction. *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960).

The panel found, and the record bears out, that it was the established policy of the North Myrtle Beach Police Department and of the Recorder's Court to freely give favorable consideration to requests from defendants, members of their families, attorneys, city officials, and others, to reduce more serious offenses (particularly driving under the influence offenses) to lesser charges, oftentimes littering the highway. The same penalty ($100) was normally imposed, with the result that no offenses were reported to the State Highway Department. This was of appreciable benefit to the accused persons, since the lesser charges did not affect their driver's license record. The signing off of the charge was accomplished by the Recorder or sometimes by police officers, acting under his instructions or directions. Obviously, such could not be accomplished without the acquiescence and cooperation of the City Recorder.

The complaint charges respondent with allowing a law partner to represent a Mr. Rummans before him as City Recorder, with improperly accepting representation of Michael Terrance Sellers, and with improperly participating in the criminal cases of Stewart Monroe Smith, Boyd Truett Jones, Cecil Eugene Peake, and Kenneth A. Howle, and with permitting his law firm to participate in criminal cases before him as Recorder. It alleges that the acts were "illegal conduct involving moral turpitude, represented improper contacts between attorneys and a judicial officer, repre-

sented a conflict of interest, and gave the appearance of impropriety."

The hearing panel found that McInnis undertook the representation of Sellers ". . . knowing at that time that at least one of the charges pending against Sellers came within the jurisdiction of his court. He thereafter continued to render assistance as to all charges, which were disposed of in a fashion favorable to Mr. Sellers in the court over which Mr. McInnis presided." As to other charges set forth in the complaint, the panel found that McInnis's conduct did not amount "to more than at most a technical violation of the Canons of Ethics."

Upon review, the Executive Committee found that McInnis's action in regard to the matters involving Rummans, Howle, Smith, Jones, and Peake, constituted misconduct as defined in Rule 5 of the Disciplinary Rule. The recommendation of a majority of the Executive Committee was that McInnis receive a public reprimand. We agree.

The record substantiates the fact that Howle, Smith, Jones, and Peake were charged with driving a motor vehicle under the influence of liquor, drugs, or other like substances. These charges were reduced to either reckless driving or littering. The reduction was accomplished by McInnis or one of the police officers acting under his instructions. In each of these cases another member of the recorder's law firm had contact with the defendant or the arresting officer. In the *Rummans* case, McInnis's law firm billed Rummans for a $300.00 fee.

We hold that it is improper, amounting to misconduct, for a partner of a part-time judge to practice before the judge with or without compensation and to use his influence to have a charge reduced or dismissed. The practice, described by the hearing panel as "established policy," of reducing charges upon request should be discontinued.

We accept the recommendation of the Executive Committee.

It is ordered, adjudged and decreed that the respondent, Robert M. McInnis, be and he is hereby publicly reprimanded.

NESS and GREGORY, JJ., dissent.

GREGORY, Justice (dissenting) :

A careful review of the transcript of proceedings and exhibits does not convince me that respondent's actions justify the findings of misconduct and sanction set forth in the majority opinion.

An exhaustive investigation into the many thousands of cases disposed of in the North Myrtle Beach Recorder's Court during respondent's services as recorder has uncovered only the several isolated incidents alleged in the Complaint and referred to in the testimony as possible acts of misconduct. Financial gain and advantage to respondent is not suggested. Considered in the perspective of the period, the place, the number of cases, and the directives of the Attorney General, such flimsy and tenuous inferences of impropriety do not reasonably tend to support the findings and conclusions of the majority in regard to the matters involving Rummans, Howle, Smith, Jones and Peake. In my view no sanction is warranted and the Complaint should be dismissed as to these matters.

I concur with the finding of professional misconduct in the Sellers matter. The appropriate disciplinary sanction, in accord with the Panel's recommendation, is a private reprimand. I would order that the respondent, Robert M. McInnis, appear at the time and place to be designated by the Executive Committee for the purpose of having that Committee administer the sanction.

NESS, J., concurs.